United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. NAVARRO, | No. C 08-0241 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed with leave to amend, and petitioner has filed a timely amended petition.

## ANALYSIS

### A. STANDARD OF REVIEW

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     LEGAL CLAIMS**

In 2003, an Alameda County jury convicted petitioner of arson of an inhabited dwelling. He was sentenced to ten years in prison.  The conviction was affirmed on appeal by the Court of Appeal of California and the Supreme Court of California denied review.  Habeas petitions filed at all three levels of the California courts were denied.

Petitioner presents the following claims for relief: (1) his right to a speedy trial was violated by unreasonable delays in his arraignment; (2) his right to a speedy trial was violated by delays in conducting a preliminary hearing; and (3) he received ineffective assistance of trial counsel, who failed to safeguard his speedy trial rights.  Petitioner also seeks an evidentiary hearing with respect to these claims.

These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

1  court and serving it on respondent within thirty days of the date the answer is filed.

2        3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
3  as set forth in Rule 4 of the Rules Governing Section 2254 Cases, within ninety days of the date
4  this order is filed.  If respondent files such a motion, petitioner shall file with the court and
5  serve on respondent an opposition or statement of non-opposition within thirty days of the date
6  the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply
7  within 15 days of the date the opposition is filed.

8        4. Petitioner is reminded that all communications with the court must be served on
9  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be
10 filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also
11 must keep the court informed of any change of address by filing a separate paper with the clerk
12 headed "Notice of Change of Address," and comply with any orders of the court within the time
13 allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this
14 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*
15 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16 **IT IS SO ORDERED.**

17

18 Dated:  October 6, 2009.

      WILLIAM ALSUP
19       UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\NAVARRO0241.OSC.wpd

3